Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMANDA ZOUBI, on behalf of himself and others similarly situated, | Case No.: 1:18-cv-461 |
| Plaintiff, | **COMPLAINT** |
| v. | **(CLASS ACTION)** |
| MIDLAND FUNDING, LLC, a Delaware limited liability company and MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation. | |
| Defendants. | |

COMES NOW the Plaintiff Amanda Zoubi, on behalf of herself and others similarly situated, by and through her counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges her causes of action against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES

2. Plaintiff Amanda Zoubi is a natural person residing in Canyon County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The debt that is the subject of this action were incurred primarily for family, personal or household purposes.

3. Defendant Midland Funding, LLC (Midland Funding) is a Delaware limited liability company engaged in the business of collecting debts, using mails and telephone to collect debts in this state. Its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

4. Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Midland Funding is licensed to do business in Idaho and can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

6. Defendant Midland Credit Management, Inc. (Midland Credit) is a Kansas corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

7. Midland Credit is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6). The principal purpose of Midland Credit is the collection or attempt to collect consumer debts, directly or indirectly, owed or due or asserted to be owed or due to another. Midland Credit uses instrumentalities of interstate commerce of the mails in its business.

8. Midland Credit can be served through its registered agent, Corporation Service Company, 12550 West Explorer Dr., Suite 100, Boise, ID 83713.

9. Both Midland Funding and Midland Credit are affiliates of Encore Capital Group, which represents that it is a "leader in the consumer debt buying and recovery industry. Through Encore Capital Group and its affiliates we offer customers the tools and options they need to

resolve their past due debt obligations."[1]

10. None of the exceptions to the term "debt collector" under the FDCPA apply to Midland Funding or Midland Credit.

11. Neither Midland Funding or Midland Credit offer any credit but instead they acquire or service debt in default for the sole purpose of collecting the debt.

12. The alleged debt that Midland Credit sought to collect from Plaintiff was in default when it began its collection efforts on behalf of Midland Funding.

13. Midland Credit was acting the direction of, under the control of and for the benefit of Midland Funding in communicating with the Plaintiff. Midland Credit was the agent of Midland Funding.

## JURSIDICTION AND VENUE

14. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

16. On March 1, 2018, Midland Funding filed a Complaint against Amanda Zoubi in Canyon County, Idaho, Case No. CV14-18-02350.

17. The Complaint was filed by the law firm of Johnson Mark, LLC, which was retained by Midland Credit.

18. Midland Credit is the servicer of all accounts Midland Funding owns, including the one at issue for Ms. Zoubi.

---

[1] https://www.midlandcreditonline.com/who-is-mcm/our-partners/

**Complaint - Page  3  of 8**

19. Midland Credit retained Johnson Mark to take actions on behalf of Midland Credit as well as Midland Funding.

20. Johnson Mark serves as an agent of both Midland Funding and Midland Credit.

21. The Complaint alleged that Midland Funding was the owner of a debt incurred by Ms. Zoubi with Synchrony Bank.

22. The Complaint alleged that Ms. Zoubi owed Midland Funding the sum of $965.45.

23. On July 26, 2018, Midland Funding and Ms. Zoubi entered into a stipulation for judgment in the amount of $1,193.09. See Exhibit A.

24. The stipulation stated that if Ms. Zoubi paid $100 per month for six consecutive months, she would not have to pay the remaining balance.

25. The stipulation further explained that the first payment was due "30 days from the date that this judgment is signed by the court."

26. The court signed the judgment on July 31, 2018, making the first payment due on August 30, 2018. See Exhibit B.

27. Ms. Zoubi made her first payment of $100 on August 14, 2018 to Midland Funding, through Johnson Mark's web site.

28. Paying through Johnson Mark's web site was one of the acceptable methods of payment listed in the stipulation.

29. Subsequent payments, per the stipulation, were due "on or before the end of each subsequent month."

30. Ms. Zoubi made her second payment of $100 on Johnson Mark's web site on September 25, 2018 nearly a week before it was due.

31. The payment posted and was deducted from her bank account on September 26, 2018.

32. As of October 1, 2018, Ms. Zoubi was current on all payments due on her payment plan. Despite the fact that she was current, on or about October 1, 2018 Johnson Mark sent a letter to Ms. Zoubi's attorney stating in part "Our firm has not received the last payment on this account, as agreed. Unless this payment is received immediately, further collection activity may resume."

33. Ms. Zoubi's attorney, after receiving the letter from the post office, emailed the letter to Ms. Zoubi for her review and response.

34. After research, it was determined that Ms. Zoubi was current on payments and there was no factual basis for Johnson Mark's statement that it had not received her last payment.

## CLASS ALLEGATIONS

35. Plaintiff brings her claims on his own behalf and on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

36. The Class consists of (a) all individuals in Idaho (b) to whom Midland Funding or Midland Credit (c) entered into a payment plan with (d) that the consumer was current on (e) when they received a letter falsely claiming they were behind on any payment, within the one (1) year period immediately preceding the filing of this complaint.

37. On information and belief, the class is so numerous that joinder of all members is not practicable. The information relating to the precise number of persons who fall within the respective classes is within the control of the Defendants.

38. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether Defendants falsely claimed consumers had missed making a payment when they had made payments on a payment plan, (b) whether

Defendants wrongfully threatened further action, and (c) whether such practices violate the FDCPA.

39. Plaintiff's claims are typical of the claims of the respective class members. All are based on the same factual and legal theories.

40. Plaintiff will fairly and adequately represent the members of each class. Plaintiff has retained counsel experienced in FDCPA litigation.

41. A class action is superior for the fair and efficient adjudication of the claims of the Class, in that:

   (a) Individual actions are not economically feasible and therefore the interest of members of the class in individually controlling the prosecution of separate actions is minimal;

   (b) Plaintiff is unaware of any other actions pending addressing these claims;

   (c) It is desirable to litigate the claims in this forum;

   (d) There will be no difficulties likely to be encountered in the management of a class action;

   (e) Members of the class are likely to be unaware of their rights;

   (f) Congress intended class actions to be an enforcement mechanism under the FDCPA and the FDCPA focuses on an objective reading of any communications through the eyes of the least sophisticated consumer so its application will be the same as to the Plaintiff and all class members.

### COUNT I: VIOLATION OF FDCPA – MISREPRESENTATIONS
### (INDIVIDUALLY AND ON BEHALF OF THE CLASS)

42. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

43. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuses." 15 U.S.C. § 1692(e).

44. "[T]he FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors." *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir.2006).

45. It prohibits, and imposes strict liability and both statutory and actual damages for, a wide range of abusive and unfair practices. *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir.2010)

46. 15 U.S.C. § 1692e states that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. The representation that Ms. Zoubi was behind on payments, made in a letter by Johnson Mark and sent on behalf of Defendants, was false.

48. Defendants are responsible for statements made by their agent, Johnson Mark. *Fox v. Citicorp Credit Servs.,* Inc., 15 F.3d 1507 (9th Cir. 1994).

49. Upon information and belief, the letter sent to Ms. Zoubi is a form letter sent through an automated process.

50. Upon information and belief, the letter was sent to hundreds of consumers in Idaho.

51. By misrepresenting that consumers were behind on payments when they were not, Defendants misrepresented amounts owed by the Class members and the legal status of the debt.

52. Ms. Zoubi and members of the Class are entitled to statutory damages due to Defendants' violation.

## COUNT II: VIOLATION OF FDCPA – MISREPRESENTATIONS (INDIVIDUALLY AND ON BEHALF OF THE SECOND CLASS)

53. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

54. 15 U.S.C. § 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken.."

55. Ms. Zoubi and Defendants had a legal, binding contract under which if she was current on her monthly payments, no further legal action could be taken.

56. In the October 1 letter, Defendants, through their agent, stated that if payment was not received "[f]urther collection activity may resume."

57. The further collection activity contemplated by the stipulation for judgment was that Defendants could execute on the full amount of the judgment, nearly double what Ms. Zoubi was paying under the payment plan.

58. However, because Ms. Zoubi was current on her payment plan, Defendants had no legal right to execute on the judgment.

59. Likewise, Class members who are current on their payment plan yet receive the same form letter as Ms. Zoubi are also threatened with legal action Defendants cannot take.

60. Ms. Zoubi and the Class are entitled to actual and statutory damages due to Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Court should grant the following relief in favor of Plaintiff and the class members and against Defendants:

A. Certify the Class and appoint Plaintiff as the class representative and his counsel as class counsel;

B. Award the Plaintiff and the Class statutory damages;

C. Award Attorney's fees, litigation expenses, and cost of suit as allowed by law; and

D. Such other and further relief as the Court deems proper.

DATED: October 20, 2018.

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC